IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENVILLE VENTURES LLC,: <br> *Plaintiff,* <br> <br> v. <br> <br> JAMES JANNUZIO, *et al.*, <br> *Defendant.* <br> <br> JAMES JANNUZIO, *et al.*, <br> *Third Party Plaintiffs,* <br> <br> v. <br> <br> GREENVILLE VENTURES LLC,: <br> *Nominal Counter Defendant,* <br> <br> and <br> <br> PETER C. DANBY, *et al.*, <br> *Third Party Defendants.* | CIVIL ACTION <br> <br> <br> <br> <br> NO. 22-3214 |

# **ORDER**

**AND NOW**, this **20th** day of **December 2022**, after issuing notice (ECF No. 40) to the parties pursuant to Federal Rule of Civil Procedure 53 of the Court's intent to appoint a Special Master to preside over discovery disputes, other pretrial discovery and discovery related motions, and no objections having been filed, it is

1

hereby **ORDERED** that Joseph Crawford, Esquire is **APPOINTED** as **SPECIAL MASTER** in this case.

It is **FURTHER ORDERED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 53, Joseph Crawford, Esquire is appointed as Special Master in this case to supervise the pending discovery disputes (ECF Nos. 36, 46, 49, and any Responses and Replies thereto), any future discovery disputes, any discovery related motions, and any other pending or future pretrial motions designated by the Court to be supervised by the Special Master.

2. The Special Master also shall have all authority under Federal Rule of Civil Procedure 53(c) and shall decide disputes between the parties that have arisen or will arise during his supervision of discovery in this case, and any pending or future pretrial motions as designated by the Court, subject to the parties' rights to object to the Special Master's decisions pursuant to Federal Rule of Civil Procedure 53(f).

3. Consistent with Federal Rule of Civil Procedure 53(c), the Special Master has authority to take all appropriate measures to perform fairly and efficiently the assigned duties, including imposing upon a party any non-contempt sanction provided by Rules 37 or 45, and may recommend a contempt sanction against a party. The Special Master may, if

necessary, reopen depositions, order production of documents, propound interrogatories or requests for admissions, and employ any other procedures contemplated by Rule 53 and the Federal Rules. The Special Master shall have access to individuals, information, documents, materials, programs, services, facilities, and premises relevant to this Order as required to perform his duties.

4. The Special Master shall proceed with all reasonable diligence at the earliest possible time, consistent with his other professional obligations, and shall have exclusive authority to decide on the procedures to be used in discharging his responsibilities, so as to allow for the most expeditious resolution of the issues.

5. The Special Master shall, until the conclusion of this matter, maintain files consisting of: (a) all billing records; (b) all documents received from the parties; and (c) any written orders, findings, or recommendations. The Special Master shall email any orders, reports, or recommendations he issues to the parties and any such order, report, or recommendation shall also be filed with the Court via Electronic Case Filing (ECF).

6. The Special Master may communicate *ex parte* with counsel insofar as it pertains to discovery compliance, in camera review of documents as necessary, and logistical and scheduling matters. The Special Master may

communicate *ex parte* with the Court on such matters that the Special Master or the Court deem appropriate.

7. The Special Master may have access to confidential information in this action. The Special Master and those persons assisting him shall preserve and protect the confidentiality of all such information and shall confirm in a signed writing that they will do so.

8. The standard of review by the Court of the Special Master's orders shall be for abuse of discretion. See Fed. R. Civ. P. 53(f)(5).

9. Objections to an order, report, or recommendation of the Special Master shall be filed no later than ten (10) days from the date the order, report, or recommendation is filed. The responses thereto shall be filed no later than ten (10) days after being served with the objections. The objections and responses are limited to five (5) pages each, and the parties must serve, file, and docket with the Court any relevant portion of the record made before the Special Master that pertains specifically to the objections.

10. The Special Master's compensation shall be $500 per hour and the standard hourly rate of any member of his staff also working on the matter at his direction, as those standard hourly rates are customarily established from time to time by his practice.

11. The Special Master shall send monthly statements for his and his associate's total services and expenses directly to counsel for the parties, or send such statements for periods longer than one month as the Special Master deems warranted. In response, the Special Master shall receive payments directly from counsel for the parties in a timely fashion for their respective payments. The Special Master's and his associate's fees and expenses shall be shared as follows: fifty percent (50%) shall be paid by Plaintiff, and fifty percent (50%) shall be paid by Defendants. If the Special Master directs that a court reporter is needed at any time, the parties shall promptly arrange for such a court reporter at their expense, to be divided equally.

12. As an agent and officer of the Court, the Special Master and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal adjuncts performing similar functions.

**BY THE COURT:**

*/s/ Chad F. Kenney*
_____
**CHAD F. KENNEY, JUDGE**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREENVILLE VENTURES LLC, *Plaintiff,* | : | CIVIL ACTION |
| v. | : | |
| JAMES JANNUZIO, et al., *Defendant.* | : | NO. 22-3214 |
| JAMES JANNUZIO, et al., *Third Party Plaintiffs,* | : | |
| v. | : | |
| GREENVILLE VENTURES LLC, *Nominal Counter Defendant,* | : | |
| and | : | |
| PETER C. DANBY, et al., *Third Party Defendants.* | : | |

## AFFIDAVIT OF SPECIAL MASTER
## PURSUANT TO 28 U.S.C. §455

I, Joseph C. Crawford, provide the following information pursuant to my obligations under 28 U.S.C. §455:

I do not have a professional or a special relationship with any of the parties to the above-captioned litigation; nor do I have any prior existing relationships that would have any bearing upon my proposed services as Special Master in the above-captioned litigation.

There is no ground for my disqualification under 28 U.S.C. §455.

I state under penalty of perjury that the foregoing facts are true and correct.

Dated: Berwyn, Pennsylvania
December 20, 2022

*/s/ Joseph C. Crawford*
Joseph C. Crawford

Sworn to before me this
20th day of December, 2022

*Adrianne Liszewski-Hornberger*
Notary Public

Commonwealth of Pennsylvania - Notary Seal
ADRIANNE LISZEWSKI HORNBERGER, Notary Public
Chester County
My Commission Expires April 7, 2026
Commission Number 1413682