**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREENVILLE VENTURES LLC,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANNUZZIO, et al.,** | : | |
| *Defendant.* | : | **NO. 22-3214** |
| | : | |
| **JAMES JANNUZZIO, et al.,** | : | |
| *Third Party Plaintiffs,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GREENVILLE VENTURES LLC,** | : | |
| *Nominal Counter Defendant,* | : | |
| | : | |
| **and** | : | |
| | : | |
| **PETER C. DANBY, et al.,** | : | |
| *Third Party Defendants.* | : | |

## <u>ORDER ON DISCOVERY MOTIONS</u>

For the reasons stated on the record during the December 28, 2022 hearing and oral argument on the pending discovery motions in this action, it is ORDERED that:

1.     Defendants' motion to compel production of documents (ECF No. 36) is DENIED, except as set forth in paragraphs 2-6 and 8 below.

2.     As to Document Request No. 16, if Plaintiff Greenville Ventures LLC ("Greenville") and Third-Party Defendant GV Holdco LLC ("GV Holdco") have not already done so, they shall produce documents sufficient to confirm the identities of Greenville's employees and the compensation paid to those employees during the years 2021 and 2022.

3.     As to Document Request No. 19, with respect to any distribution made by Greenville to or for the benefit of any member of Greenville that did not include a corresponding distribution on or about the same date to all other members of Greenville, Greenville and GV

Holdco shall produce all non-privileged documents that refer or relate in any way to the amounts, recipients and reasons for each such distribution.

4.       Greenville and GV Holdco shall produce all non-privileged documents that are responsive to Document Request No. 26.

5.       Greenville and GV Holdco shall produce all non-privileged documents that are responsive to Document Request No. 27.

6.       As to Document Request No. 34, Greenville and GV Holdco shall produce documents in accordance with counsel for Greenville and GV Holdco's description during the December 28 discovery hearing of the documents they will provide.

7.        As to certain requests for production of documents (Document Request Nos. 4, 6, 11, 13, 14, 20, 25, 29, and 32 of the First Set of Requests for Production of Documents), Greenville and GV Holdco made specific objections that correctly delineate the objectionable portions of the requests and that meaningfully set forth the scope of the documents that Greenville and GV Holdco would search for and produce.  All of these objections are SUSTAINED.  Defendants' motion to compel seeking to overrule the objections and require production of additional documents in response to those document requests is DENIED.

8.       Greenville and GV Holdco responded to several other requests for production by asserting "General Objections" (the term Greenville and GV Holdco used to describe the objections) and other objections and then stating that, subject to the General Objections and other objections, Greenville and GV Holdco will search for and produce relevant documents.  These responses do not in any way describe the scope of the search or searches that Greenville and GV Holdco will conduct, nor do they state that Greenville and GV Holdco will produce all responsive documents identified during that search or searches.  Defendants sought clarification

in their motion as to whether Greenville and GV Holdco will withhold non-privileged documents on the basis of the objections. As to all such responses, Greenville and GV Holdco shall conduct a reasonable and diligent search or searches for responsive documents in accordance with Rule 34 of the Federal Rules of Civil Procedure and shall produce all responsive, non-privileged documents identified during that search or searches.  This paragraph of the Order is being entered for purposes of clarity only.  The Special Master has no doubt that counsel for Greenville and GV Holdco intended to follow this approach in accordance with Rule 34 of the Federal Rules of Civil Procedure and the relevant case law.

9.      In their Second Set of Requests for Production of Documents, Defendants sought production of all emails they sent or received from their Greenville email addresses without any limitation on the subject matter or date of the emails.

10.      Greenville and GV Holdco responded, *inter alia,* that they do not currently have possession of or access to the requested emails because, despite his departure from the company and despite a request by Greenville on May 26, 2021 that he relinquish control over the emails, Mr. Jannuzzio remains the sole administrator of Greenville's master email account.

11.      In their briefs on the discovery motions, both parties requested the Court to grant relief on this issue. Defendants sought an order authorizing Defendants and their counsel to access the emails and allow Defendants to produce the emails to all parties to this action.

12.      Greenville and GV Holdco opposed that request, arguing that defendants have no legal right of access to Greenville's email accounts. Greenville and GV Holdco sought an order requiring Mr. Jannuzzio to relinquish and return to Greenville administrative access to Greenville's master account, after which Greenville would produce all emails that are relevant to this case.

13.     In accordance with the agreement reached by counsel on the record during the December 28 hearing, it is ORDERED that Defendants shall as soon as reasonably possible relinquish and return to Greenville exclusive access to Greenville's master email account.

14.     In accordance with the agreement reached by counsel during the December 28 hearing, as soon as reasonably possible after Defendants comply with the preceding paragraph, counsel for Greenville and GV Holdco shall arrange for imaging and copying of the ptfs so there will be a record of the email accounts as returned by Defendants.

15.     Defendants' request for all emails they sent or received using their Greenville email accounts without any limitation on subject matter or time is overly broad, calls for vast amounts of emails that are not relevant to the claims or defenses in this action and is not proportional to the needs of this case. On or before January 3, 2023, Defendants shall submit to counsel for Greenville and GV Holdco and the Special Master a proposal stating more narrowly tailored requests for emails that that are relevant to the claims and defenses in this action and that are proportional to the needs of this case.

16.     On or before January 6, 2023, Greenville and GV Holdco shall submit to counsel for the Defendants and the Special Master their responses and objections to Defendants' proposal and any counterproposal concerning the documents to be produced from Greenville's master email account.

17.     The Special Master will promptly take whatever steps are necessary, including, but not limited to, determining the proper scope of discovery concerning the requested emails, after receipt of the parties' submissions as set forth in paragraphs 15 and 16 of this Order.

18.     In all respects, Defendants' motion to compel production of documents id DENIED.

19.     The motion to quash the subpoenas directed to Weaver Insurance Associates and ECBM Brokers and Consultants (ECF No. 49) is GRANTED.

20.     The motion to quash the subpoena to Fulton Bank (ECF No. 49) is GRANTED without prejudice to Defendants' right, after reviewing the documents produced by Greenville and GV Holdco on the same subjects, to serve a new subpoena directed to Fulton Bank limited to more narrowly tailored requests for documents.  The Special Master notes that Greenville and GV Holdings have stated that they are producing Greenville's bank statements in response to Defendants' requests for production of documents.  It is true that subpoenas to non-parties can legitimately be used to confirm the adequacy (or establish of the inadequacy) of document production by a party to the litigation, and the non-party may have additional relevant documents in its possession.  However, if Defendants choose to serve such a new subpoena, Defendants should do so mindful of their obligation to avoid imposing unnecessary and undue burdens on a non-party. In view of the March 6 discovery deadline, the Special Master will use expedited procedures to resolve any issues or disputes involving any such subpoena.

21.     The Third-Party Defendants' motion to quash the subpoena directed to the Lyons firm (ECF No. 49) and the Lyons firm's essentially identical motion (ECF No. 46) are GRANTED, except Greenville, GV Holdco, the Third-Party Defendants and the Lyons firm are hereby ORDERED to  produce all non-privileged documents within their possession, custody or control (including those in possession of the Lyons firm) that establish the dates or approximate dates on which the letters of credit or promissory notes referred to by Defendants in ECF No. 53 (two documents dated November 1, 2019 and one dated June 1, 2021) were created.

22.     The Third-Party Defendants' motion to quash the subpoena directed to their accountant and accounting firm (ECF No. 49) is DENIED.

23.    The documents specified in paragraphs 2-6 and 21 shall be produced within 15 days of this Order.

_____
JOSEPH C. CRAWFORD
SPECIAL MASTER

Dated:  December 30, 2022